**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4991**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

ROLANDO AVILA, a/k/a Joel Mora-Ruiz,

                Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:08-cr-00250-FDW-2)

Submitted: September 13, 2011          Decided: September 15, 2011

Before AGEE, DAVIS, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John L. Machado, LAW OFFICE OF JOHN MACHADO, Washington, D.C., for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rolando Avila pled guilty to conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court adopted the findings in the presentence investigation report ("PSR") and sentenced Avila to 121 months in prison, to be followed by a five-year term of supervised release. Avila's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but suggesting that the district court erred when it increased Avila's offense level by three levels, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(b) (2008), based on his managerial or supervisory role in the crime to which he pled guilty. The Government has declined to file a responsive brief and Avila has not filed a pro se supplemental brief, despite receiving notice of his right to do so. We affirm.

Because Avila withdrew his objections to the Guidelines range calculation in his PSR, we review the district court's decision to increase Avila's base offense level for plain error. See United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). Under the plain error standard, Avila must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Slade, 631 F.3d 185, 189-90 (4th Cir.), cert. denied, 131 S. Ct. 2943

2

(2011).  Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  United States v. Olano, 507 U.S. 725, 735 (1993) (internal quotation marks omitted).  We have reviewed the record and conclude that the district court committed no error, plain or otherwise, in increasing Avila's offense level.  See Slade, 631 F.3d at 189-91.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  Accordingly, we affirm the district court's judgment. This court requires that counsel inform Avila, in writing, of his right to petition the Supreme Court of the United States for further review.  If Avila requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Avila.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3